UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHALLENGER POWERBOATS, INC., ) <br> f/k/a XTREME COMPANIES, INC., and ) <br> MARINE HOLDINGS, INC., ) <br> d/b/a CHALLENGER OFFSHORE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BARRETT EVANS, ) <br> ) <br> Defendant. ) | No. 4:07CV85 TIA |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Barrett Evans' Motion to Dismiss (Docket No. 10), Request for Judicial Notice (Docket No. 16-1), and Second Request for Judicial Notice (Docket No. 25-1). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Evans' motion is granted in part and denied in part.

On December 14, 2006, Plaintiffs Challenger Powerboats, Inc., f/k/a Xtreme Companies, Inc. ("Challenger") and Marine Holdings, Inc., d/b/a Challenger Offshore ("Marine") (collectively referred to as "Plaintiffs") filed a petition in the Circuit Court of Franklin County, Missouri. In the four-count Petition, Plaintiffs allege the following claims: breach of fiduciary duty (Count I), breach of contract/unjust enrichment (Count II), civil conspiracy (Count III), and Racketeer Influenced and Corrupt Organizations (RICO) Act (Count IV). On January 19, 2007, Evans removed the case to this Court asserting both diversity and federal question jurisdiction. Evans now moves to dismiss all claims directed against him. Plaintiffs have responded to the

Defendant's motion and Defendant has replied thereto.

**I.    Background**

This matter concerns an attempt by Plaintiffs to wrest control of Challenger from minority shareholder Evans.  Plaintiff Marine Holdings, Inc. builds and sells high-performance power boats and search-and-rescue boats.  Plaintiff Challenger Powerboats, Inc. is the parent company of Marine, a wholly owned subsidiary of Challenger.  Defendant Evans, a former board member of Challenger, served as a member of the Board of Directors from January 22, 2004, until June 7, 2006, and remains a shareholder of Challenger.

In their complaint in relevant part, Plaintiffs allege that Evans violated "an understanding and agreement" among the Board of Directors not to sell Challenger shares they owned or controlled without disclosing those sales to the other members of the Board of Directors.  Petition at ¶¶ at 9-12.  Plaintiffs assert that Evans discussed financing an unsuccessful seizure of control of Marine from Challenger and weakened Marine's financial position "by causing Marine to expend sums unnecessarily and imprudently, by taking actions to impede the sale of boats, and by causing an unnecessary and imprudent increase in boat inventory."  Petition at ¶¶ at 13-17.

**II.    Requests for Judicial Notice**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court ordinarily cannot consider matters outside the pleadings, unless the Court converts the Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 56.  See Fed. R. Civ. P. 12(b)(6).  Nonetheless, on a motion to dismiss, the Court is "not precluded in [its] review of the complaint from taking notice of items in the public record" without converting the motion into a motion for summary judgment  Papasan v. Allain, 478 U.S. 265, 269 n.1 (1986);

Stahl v. United States Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). In Missouri, as in other states, court records are public records. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978); Pulitzer Publ'g Co. v. Transit Cas. Co., 43 S.W.3d 293, 300-01 (Mo. banc 2001). In the instant case, Evans requests that the Court rely on matters outside the pleadings that are a public record, a court document filed in the Eastern District of Missouri and a ruling entered by a district judge in the same case. 5A Wright & Miller, Federal Practice and Procedure § 1357 (explaining that "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may be considered in determining a Rule 12(b)(6) motion); Compare BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687-88 (8th Cir. 2003) (district court erred in relying on matters outside the pleading that were not public documents).

Evans has requested that the Court take judicial notice (Request for Judicial Notice/Docket No. 12-1) ("First Request") of the relevant sections of the complaint filed on December 29, 2006, in Challenger Powerboats, Inc. and Marine Holdings, Inc. v. Kevin Ryan and Alicia Fox, Cause Number 4:06cv1858RWS ("Ryan case"). In the Ryan case, Plaintiffs in the instant action filed a related case against Defendants Kevin Ryan, the former President and CEO of Marine and a former board member of Challenger and his wife, Alicia Fox, and an agent of Challenger and thereafter a Challenger employee. The underlying action in that case concerns the alleged attempt by former corporate employees to devalue and wrest control of the Challenger.[1]

---

[1]Although not named as a party to either lawsuit, the name of Michael Thomas, the former vice-president of Marine, appears in the Challenger Powerboats, Inc. and Marine Holdings, Inc. v. Kevin Ryan and Alicia Fox complaint and in the instant petition.

Plaintiffs have opposed that request. Because it would be inappropriate to take judicial notice of a disputed document, for the truth of the matter asserted, the Court will deny Evans' First Request directed to the Ryan case complaint. See Kushner v. Beverly Enter., Inc., 317 F.3d 820, 824 (8th Cir. 2003) (citing Florida State Bd. of Admin. v. Green Tree, 270 F.3d 645, 663 (8th Cir. 2001)(stating that "disputed papers should not be the subject of judicial notice on a motion to dismiss" and refusing to judicially notice documents which are offered "to prove the truth of the matters within them" which the other party disputes)).

Evans has also requested that the Court take judicial notice (Second Request for Judicial Notice/Docket No. 25-1) ("Second Request") of the Order entered on August 7, 2007, in Challenger Powerboats, Inc. and Marine Holdings, Inc. v. Kevin Ryan and Alicia Fox, Cause Number 4:06cv1858RWS ("Ryan case"). Plaintiffs did not file any opposition thereto. It is well-established that a district court may take judicial notice of public records such as judicial rulings, and consider them on a motion to dismiss. See Faibisch v. University of Minn., 304 F.3d 797, 802-03 (8th Cir. 2002);see, e.g.,United States v. Eagleboy, 200 F3d 1137, 1140 (8th Cir. 1999) (court may take judicial notice of judicial opinions and public records); see also Lyons v. Stovall, 188 F.3d 327, 333 n.3 ("'[F]ederal courts may take judicial notice of proceedings in other courts of record.'")(citation omitted)).

### III. Motion to Dismiss Breach of Fiduciary Duty Claim (Count I), Breach of Contract/Unjust Enrichment Claim (Count II), and Civil Conspiracy Claim (Count III)

When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, this Court must follow the new standard of review delineated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007). The Twombly Court determined that the standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[,]" has "earned its retirement." Twombly, 127 S. Ct. at 1968, 1969. The Court further opined that a viable complaint must now include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." Id. at 1965. This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 1965, 1974. As was the case under Conley, the complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. See Id. at 1964-65. Moreover, when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true, even if doubtful. Id. at 1965. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. Accordingly, a well-pled complaint may proceed even if it appears "that recovery is very remote and unlikely." Id. at 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In reviewing a motion to dismiss for failure to state a claim upon which relief can be

granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to Plaintiff. Gregory v. Dillard's, 2007 WL 2067853, *14 (8th Cir. July 20, 2007). The Federal Rules do not require great precision in pleadings. Id. at *15. "The 'simplified notice pleading standard' under Fed. R. Civ. P. 8(a) requires only a statement that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (abrogated on other grounds)); see also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) ("The statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal citation and alteration omitted)). "Specific facts are not necessary..." Erickson, 127 S.Ct. at 2200. However, the factual allegations in the complaint must be more than "labels and conclusions" or a "formalistic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); see also Gregory, 2007 WL 2067853 at *15. "A district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." Id. at 1967 (internal citations and quotations omitted).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheurer v. Rhodes, 416 U.S. 232, 236 (1974).

In the petition in Count I, Plaintiffs allege that Evans' sales of stock violated "the understanding and agreement among the directors." (Petition at ¶ 12). Next, Plaintiffs assert that "[p]ersons associated with [Plaintiffs] engaged in a conspiracy to allow former Marine Vice

President Michael Thomas to destroy or weaken Marine so that it could be purchased at a discount by Thomas with the involvement of Kevin Ryan" by "financing the seizure of control of Marine from Challenger Powerboats." (Petition at ¶¶ 13-14). With respect to the breach of fiduciary claim, Plaintiffs allege that "Evans breached his fiduciary duty by ... selling a significant numbers[*sic*] of Challenger Powerboats[*sic*] shares of stock owned or controlled by Evans or the Evans Controlled Entities. Evans further breached that fiduciary duty by making the sales without making timely disclosures of the sales to the Board of Directors or regulatory authorities." (Petition ¶ 21). Plaintiffs further assert that Evans breached his fiduciary duty "by secretly participating in negotiations regarding the acquisition of [Plaintiffs] at a below-market price by Thomas.... Evans' conduct constituted a breach of his fiduciary duty because his activities constituted undisclosed negotiations with another company that were not fair to or in the best interests of [Plaintiffs]." (Petition ¶¶ 22-23). In Count II, Plaintiffs assert that "Evans received consideration for his purported service as a member of the Board of Directors of Challenger Powerboats" and that "Evans and the other members of the Challenger Powerboats' Board of Directors had an understanding and agreement not to sell shares of Challenger Powerboats[*sic*] stock they owned or controlled." (Petition ¶¶ 27, 29). In Count III, Plaintiffs allege that '[t]he actions of Evans, Ryan, Fox, and Thomas ... were made when they all had fiduciary duties to Marine and Challenger Powerboats" and "[t]he agreements ... had as their objective tortious and unlawful breaches of fiduciary duty." (Petition ¶¶ 35-36). "As a result of the ... conduct, Marine and Challenger Powerboats suffered damages." (Petition ¶ 37).

Evans challenges the sufficiency of Plaintiffs' breach of fiduciary[2], breach of contract/unjust enrichment, and civil conspiracy claims. At this stage of the proceedings, Plaintiffs' allegations in Counts I through III are adequate to survive a motion to dismiss. Counts I through III comport with the pleading requirements of Rule 12(b)(6). Plaintiffs have apprised Evans of the actions he alleges constitute a breach of fiduciary duty, breach of contract/unjust enrichment, and claim of civil conspiracy. The factual allegations set forth in the petition, accepted as true, state plausible claims for relief. Evans' objections to the petition address issues of proof, which, at this stage of the proceedings is not before the Court. Evans seeks to impose a heightened pleading requirement not authorized under the Federal Rules of procedure. All that is required of Plaintiffs is that the [complaint] set forth a plain and concise statement of their claims such that Evans can formulate his responsive pleading. Fed. R. Civ. P. 8. Plaintiffs' petition satisfies this requirement. Specific details surrounding these claims can most certainly be ascertained through discovery. As such, drawing all reasonable inferences in favor of Plaintiffs, Evans' Motion to Dismiss as directed to Counts I through III must be denied.

**IV.  Motion to Dismiss Civil RICO Claim (Count IV)**

RICO imposes criminal and civil liability upon those who engage in certain "prohibited activities." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 232 (1989). "Each prohibited activity is defined in 18 U.S.C. § 1962 to include, as one necessary element, proof either of 'a

---

[2]In order to establish a claim for breach of fiduciary duty, a plaintiff must show (1) the existence of fiduciary duty, (2) a breach of that duty, (3) causation, and (4) damage. See Physicians Mut. Management Group v. Preferred Physicians Mut. Risk Retention, 918 S.W.2d 805, 810 (Mo. Ct. App. 1996). As a general matter, officers and directors of a corporation owe fiduciary duties to the corporation and may not profit personally at the expense of the corporation or the stockholders. Forinash v. Daugherty, 697 S.W.2d 294, 301-02 (Mo. Ct. App. 1985).

pattern of racketeering activity' or of 'collection of an unlawful debt.'" Id. "'Racketeering activity' is defined in RICO to mean 'any act or threat involving' specified state-law crimes, any 'act' indictable under various specified federal statutes, and certain federal 'offenses.'" Id. (quoting 18 U.S.C. § 1961(1)). These acts are referred to as the "predicate" acts which form the foundation of a RICO claim. The term "pattern" requires at least two acts of racketeering activity within a ten year period. 18 U.S.C. § 1961(5).

Mail and wire fraud are the predicate acts that Plaintiffs assert to establish the RICO claim in the instant case. As in the related case before Judge Sippel, Plaintiffs' claim cannot withstand Evans' motion to dismiss inasmuch as Plaintiffs have failed to allege the claims of mail or wire fraud with particularity and sufficient facts to establish a RICO claim. "When fraud is alleged in pleading RICO violations, a litigant must allege the time, place, and content of all false representations." Challenger Powerboats, Inc. and Marine Holdings, Inc. v. Kevin Ryan and Alicia Fox, Cause Number 4:06cv1858RWS at 3 (citing Lange v. Hocker, 940 F.2d 359, 362 (8th Cir. 1991)).

Plaintiffs have asserted a claim against Evans under the Racketeer Influenced an Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c). In support of this claim, Plaintiffs allege the following in the Petition:

> On information and belief, the conduct of Defendant Evans and of Ryan and Thomas constituted racketeering within the meaning of 18 U.S.C. § 1961(1)(B) because the acts were indictable as mail fraud in violation of 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343.
>
> On information and belief, the acts of mail fraud and wire fraud constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) because they occurred at least twice within ten years.

> On information and belief, from early 2005 to mid-2006, Defendant Evans committed mail and wire fraud by participating in a scheme to defraud Marine and Challenger Powerboats through the use of the United States Postal Service and by sending numerous e-mails across state lines.
>
> On information and belief, Defendant Evans violated 18 U.S.C. § 1962(c) because he conducted or participated in the conduct of an enterprise's affairs through a pattern of racketeering activity.

Petition at ¶¶ 44-47. The only act in the Petition alleged with particularity that would arguably apply to the RICO claim is for approximately an 18-month time period Evans committed mail and wire fraud by participating in a scheme to defraud Plaintiffs through the use of the postal service and by sending e-mails across state lines. As determined by Judge Sippel, "[s]imply asserting two predicate acts within a ten year period, is insufficient to state a RICO claim." <u>Challenger Powerboats, Inc. and Marine Holdings, Inc. v. Kevin Ryan and Alicia Fox</u>, Cause Number 4:06cv1858RWS at 4 (citing <u>H.J., Inc.</u>, 492 U.S. at 239). "A RICO litigant must establish a pattern of activity which requires the showing of a relationship between the predicate acts and a threat of continuing activity." <u>Id.</u>

Predicate acts may be shown to be related if they have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." <u>Id.</u> at 240 (internal quotation and citation omitted). Nonetheless, relatedness alone is insufficient to satisfy the pattern requirement. <u>Id.</u> The predicate acts must also amount to or constitute a threat of continuing racketeering activity. <u>Id.</u> The required continuity could be both closed-ended or open-ended, "referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." <u>H.J., Inc.</u>, 492 U.S. at 241. The Supreme Court opined as

follows:

> [a] party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct.

Id. at 242. Likewise, a RICO claim can be established by proving open-ended continuity by demonstrating a threat of continuity. Id. at 241.

After a careful reading of the petition, it is the Court's opinion that Plaintiffs have failed to establish a pattern of activity which requires the showing of a relationship between the predicate acts and a threat of continuing activity. H.J., Inc., at 239. Plaintiffs' allegation of the predicate acts of mail and wire fraud are not stated with the particularity mandated by Rule 9(b). The allegations set forth in the instant petition are devoid of the who, what, where, and how of the claim and are merely conclusions which need not be accepted as true. Great Plains Trust Co. v. Union Pacific R. Co., 492 F.3d 986, 995-96 (8th Cir. 2007). Indeed, Plaintiffs not only fail to describe any activity or attach any exhibits, Plaintiffs premise the alleged predicate act with "on information and belief."

In response to the motion to dismiss, Plaintiffs assert that the conclusory allegations of mail and wire fraud in the petition are sufficient to withstand Rule 9(b) scrutiny. Plaintiffs' reliance on Marshall v. Fenstermacher, 388 F. Supp. 2d 536 (E.D. Pa. 2005), is misplaced inasmuch as the facts asserted in the instant petition are significantly different from the allegations in the Marshall case. In Marshall, the court noted how that the allegations of racketeering activity included specific instances of mailings, backdating requests, share transfer documents, and the mailing of letters were substantiated by the letters attached to the complaint and thus provided the

particularity of information required by Rule 9(b).  Id. at 561.  A review of the petition before the undersigned reveals that Plaintiffs have not provided any facts either in the form allegations or documents attached to the petition.  Because the allegations of mail and wire fraud which form the basis of the RICO claim fail to comply with Rule 9(b), the RICO claim must be dismissed.

Likewise, Plaintiffs' contention that open-ended continuity is present based on future economic harm is without merit.  A review of the petition shows that the petition is devoid of any allegations that Evans may take some action in the future, instead, arguing that "the harm was in weakening the company before a takeover [and] [t]hat process could continue indefinitely."  The Court has found no cases supporting Plaintiffs' contention that continued effects can establish open-ended continuity, only continued acts.  Plaintiffs failed to plead any continued acts in the underlying petition.

Finally, even if the petition is deemed to sufficiently allege the predicate acts, the RICO claim would still fail inasmuch as Evans' prohibited activity only extended during the first half of 2006, a period of approximately six months.  As determined by Judge Sippel, such a short time period is insufficient to establish a RICO claim under H.J., Inc. inasmuch as the related predicate acts must extend over a substantial period of time.  492 U.S. at 241.  In the related Challenger case, Judge Sippel opined that "activity over such a short period of time [an approximate year and half] [fails] to establish[] closed-ended continuity, which, in turn, is an element of a pattern of racketeering activity under RICO.  In passing RICO Congress was concerned at addressing long-term racketeering activity.  Such activity must occur over a span of more than a year and a half as alleged in Challenger's complaint."  Challenger Powerboats, Inc. and Marine Holdings, Inc. v. Kevin Ryan and Alicia Fox, Cause Number 4:06cv1858RWS at 8 (citing J.D. Marshall Intern v.

Redstart, Inc., 935 F.2d 815, 820-21 (7th Cir. 1991) (prohibited activity that occurred over thirteen-month period of time deemed a relatively short period of time and not subject to a RICO claim). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Request for Judicial Notice (Docket No. 16-1) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Second Request for Judicial Notice (Docket No. 25-1) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Barrett Evans' Motion to Dismiss (Docket No. 10) is GRANTED in part and DENIED in part; said motion is GRANTED as directed to Count IV and DENIED as directed to Counts I, II, and III.

Dated this 27th day of September, 2007

                                                /s/Terry I. Adelman
                                    UNITED STATES MAGISTRATE JUDGE