UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHALLENGER POWERBOATS, INC., <br> f/k/a XTREME COMPANIES, INC. <br><br> And <br> MARINE HOLDINGS, INC., <br> d/b/a CHALLENGER OFFSHORE <br><br>        Plaintiffs, <br><br> vs. <br><br> BARRETT EVANS, <br><br>        Defendant. <br> _____ <br><br> BARRETT EVANS, <br><br>        Counterclaim Plaintiff, <br><br> vs. <br><br> CHALLENGER POWERBOATS, INC., f/k/a <br> XTREME COMPANIES, INC. <br><br>        Counterclaim Defendant. | Case No. 4:07-CV-00085 TIA <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT BARRETT EVANS' ANSWER TO PLAINTIFFS' PETITION, AND COUNTERCLAIM

COMES NOW Defendant Barrett Evans ("Evans") and for his Answer to the Petition of Plaintiffs Challenger Powerboats, Inc., f/k/a Xtreme Companies, Inc. ("Challenger") and Marine Holdings, Inc. d/b/a Challenger Offshore ("Marine") (collectively "Plaintiffs"), states as follows:

1. Evans admits the averments of the first and third sentences except denies as to search and rescue boats. Evans is without information and belief sufficient to form a belief as to the truth of the remaining averments in Paragraph 1, and therefore denies those averments.

2. Evans denies the averments in Paragraph 2.

3. Evans denies the averments in Paragraph 3.

4. Evans is without information and belief sufficient to form a belief as to the truth of the averments in Paragraph 4, and therefore denies those averments.

5. Evans admits the averments in Paragraph 5.

6. Evans admits the averments in Paragraph 6.

7. Evans admits the averments in Paragraph 7.

8. Evans is without information and belief sufficient to form a belief as to the truth of the averments in Paragraph 8, and therefore denies those averments.

9. Evans admits that, at one time, he beneficially owned more than 6,000,000 shares of Challenger and, at one time, possessed conversion rights to additional shares. Evans further admits that he has shown in filings with the S.E.C. that he owned some of these shares through eFund Small Cap Fund, L.P. Evans further admits that eFund Capital Partners, LLC is the managing partner of eFund Small Cap Fund, LP, and that he is the managing member of eFund Capital Partners, LLC. Except as expressly admitted herein, Evans denies the averments in Paragraph 9.

10. Evans denies the averments in Paragraph 10.

11. Evans denies the averments in Paragraph 11.

12. Evans admits that he sold Challenger shares in 2006. Evans further admits that some of these sales occurred when he was a member of Challenger's Board of Directors. Except as expressly admitted herein, Evans denies the averments in Paragraph 12.

13. Evans is without information and belief sufficient to form a belief as to the truth of the averments in Paragraph 13, and therefore denies those averments.

14. Evans denies the averments in Paragraph 14.

15. Evans denies that he was involved in any "plan" as alleged in Paragraph 15. Evans is without information and belief sufficient to form a belief as to the truth of the remaining averments in Paragraph 15, and therefore denies those averments.

16. Evans is without information and belief sufficient to form a belief as to the truth of the averments in Paragraph 16, and therefore denies those averments.

17. Evans is without information and belief sufficient to form a belief as to the truth of the averments in Paragraph 17, and therefore denies those averments.

18. Evans admits that Fox was an employee of Marine. Evans is without information and belief sufficient to form a belief as to the truth of the remaining averments in Paragraph 18, and therefore denies those averments.

## Count I – Breach of Fiduciary Duty

19. Evans incorporates his responses to the preceding paragraphs as though fully set out in this Count.

20. The averments in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, Evans denies the averments in Paragraph 20.

21. Evans denies the averments in Paragraph 21.

22. Evans denies the averments in Paragraph 22.

23. Evans denies the averments in Paragraph 23.

24. Evans denies the averments in Paragraph 24.

25. Evans denies the averments in Paragraph 25.

## Count II – Breach of Contract/Unjust Enrichment

26. Evans incorporates his responses to the preceding paragraphs as though fully set out in this Count.

27. Evans admits the averments in Paragraph 27.

28.	The averments in Paragraph 28 state legal conclusions to which no responses is required.  To the extent a response is required, Evans denies the averments in Paragraph 28.

29.	Evans denies the averments in Paragraph 29.

30.	Evans denies the averments in paragraph 30.

31.	Evans denies the averments in Paragraph 31.

32.	Evans denies the averments in Paragraph 32.

33.	Evans denies the averments in Paragraph 33.

### Count III – Civil Conspiracy

34.	Evans incorporates his responses to the preceding paragraphs as though fully set out in this Count.

35.	Evans denies the averments in Paragraph 35.

36.	Evans denies the averments in Paragraph 36.

37.	Evans denies the averments in Paragraph 37.

38.	Evans denies the averments in Paragraph 38.

### Count IV – RICO

Because the Court has dismissed Count IV, no response is required of Evans.  To the extent a response is required of Evans, Evans denies the averments contained in this Count IV.

### EVANS' ADDITIONAL ANSWERS AND AFFIRMATIVE DEFENSES

39.	Plaintiffs' Petition fails to state a claim upon which relief can be granted.

40.	Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs are barred from recovery as to any claims or causes of action based upon contract because of Plaintiffs' failure to meet or satisfy conditions precedent.

41. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs are barred from recovery, including equitable relief, by the doctrines of laches, estoppel and unclean hands.

42. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs are barred from recovery because Plaintiffs released its claims against Evans in its Release Agreement with Kevin Ryan.

43. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs' claims are barred by the doctrine of waiver.

44. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs have failed to mitigate their alleged damages, if any.

45. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, if a contract existed between the parties, which Evans denies, any alleged duty by Evans to perform is excused due to frustration of purpose.

46. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, if a contract existed between the parties, which Evans denies, Plaintiffs have abandoned the contract.

47. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs are barred from recovering against Evans because any damages that Plaintiffs may have sustained were caused in whole or in part by the actions or omissions of individuals or entities, some of which may not be parties to this action, other than Evans, including, but not limited to, Plaintiffs' respective management and/or members of Plaintiffs' respective boards of directors.

48. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs are barred from recovering against Evans because any

5

damages that Plaintiffs may have sustained were caused in whole or in part by their own actions or omissions.

49. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, under the doctrines of contributory negligence and comparative fault, any right of recovery Plaintiffs might otherwise have is barred in whole or in part by, or should be reduced in accordance with, Plaintiffs' fault for failure to exercise ordinary care.

50. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, if Plaintiffs sustained damages as alleged in Plaintiffs' Petition and it is determined that Evans was in any way at fault, which Evans denies, Evans is entitled to a credit, set-off, or reduction to any judgment against him for all sums paid (or to be paid) to Plaintiffs for their alleged damages by Evans and other parties and/or non-parties.  *See* § 537.060, RSMo.  Evans intends to rely on the provisions of Section 537.060, RSMo, regarding set-off, reduction, contribution, and/or non-contractual indemnity and further reserves the right to challenge any purported settlement on the basis that it was not made in good faith, is not reasonable, or is not otherwise enforceable.

51. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs' are barred from recovery as to any claims or causes of action based upon contract by the Statute of Frauds.

52. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs' cannot recover under Count II, because the claimed "understanding and agreement" is void ab initio for being illusory, lacking consideration and lacking mutuality of obligations.

53. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, if a contract existed between the parties, which Evans denies,

6

Plaintiffs have waived enforcement of its provisions because, on information and belief, Plaintiffs have permitted other sales or transfers of Challenger shares.

54.     Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, if a contract existed between the parties, which Evans denies, Plaintiffs have breached the covenant of good faith and fair dealing in their relationship with Evans.

55.     Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs have not stated and cannot state a claim for damages for punitive damages because the procedures for assessing punitive damages facially and as applied to the facts of this case, violate numerous constitutional provisions, including the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 2, 3, 10, 13, 14, 15, 19, 21, 22 and 23 of the Constitution of Missouri, in that:

    a.   Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306, 111 S. Ct. 1032 (1991).

    b.   Missouri's guidelines, standards, procedures and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

    c.   Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive defendant of sufficient notice of the type of conduct and mental state upon which punitive damages could be awarded as a result of defendant's alleged misconduct.

    d.   Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, plaintiff's injury, plaintiff's expenses, defendant's conduct, and defendant's mental state.

    e.   Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

    f.   Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include: (i) a nebulous and undefined "abuse of

discretion" standard of review; (ii) a nebulous and undefined standards under which a punitive damages award may be disturbed if it is the product of "bias and prejudice"; (iii) a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion; (iv) a standards that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award. Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

      g. Missouri improperly permits a plaintiff to submit punitive damages to the jury based upon defendant's conduct which, as a matter of law, was not willful or reckless. Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

      h. Missouri improperly permits the jury to consider a defendant's net worth in determining the amount of an award of punitive damages.

      i. Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence. The instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages and, if so, in what amount.

      j. Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

      k. Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards; Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

      l. Missouri does not provide adequate and objective standards and procedures to instruct the jury and to ensure in the post-trial review by the trial and appellate courts that a punitive damages award has no understandable relationship to the actual or compensatory damages award.

      m. Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

      n. Missouri does not have legal standards which would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in prior case(s) based upon the identical or similar conduct. These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the

Missouri Constitution and are also prohibited under the Due Process Clauses of the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

o.  Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

56. Alternatively, for further answer and defense and pleading hypothetically, without waiving any prior denials, Plaintiffs have not stated and cannot state a claim for damages for punitive damages because the procedures for assessing punitive damages facially and as applied to the facts of this case, violate numerous constitutional provisions of the Nevada Constitution.

57. Evans reserves the right to assert such other and further affirmative defenses of which he learns through discovery or otherwise.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant Barrett Evans respectfully prays that the Court dismiss the Petition with prejudice, award Defendant his attorneys' fees and costs, and grant such other and further relief as the Court deems just and proper.

## COUNTERCLAIM FOR ADVANCEMENT OF LEGAL FEES

COMES NOW Barrett Evans ("Evans") and for his Counterclaim against Plaintiff Challenger Powerboats, Inc., f/k/a Xtreme Companies, Inc. ("Challenger") states:

1. Defendant/Counterclaim Plaintiff Barrett Evans ("Evans") is an individual who resides in the State of California.

2. Defendant Challenger is, and at all times herein mentioned was, a Nevada corporation, with its principal place of business in Washington, Missouri. Challenger is a publicly traded company. Challenger manufactures watercraft. Challenger changed its name from Xtreme Companies, Inc., on or about October 17, 2006. Prior to that, the company was named Shogun Advertising, Inc.

9

3. Evans was a member of Challenger's Board of Directors from approximately January 22, 2004, until on or about June 7, 2006.

4. Challenger's Bylaws mandate that Challenger pay Evans' legal expenses, including attorneys' fees, in advance of the final disposition of this action, as they are incurred.

5. On or about August 17, 2007, counsel for Evans sent a letter to counsel for Challenger demanding advancement of his legal fees pursuant to Challenger's Bylaws.

6. Challenger has refused this demand, thereby breaching its obligations under its Bylaws.

7. Evans has provided Challenger with a written undertaking to repay any sums advanced to him by Challenger for which it should be determined ultimately that he is not entitled to be indemnified.

8. As a result of Challenger's breaches, Evans has been damaged by being forced to expend legal fees, including attorneys' fees, in defense of Plaintiffs' action.

9. Evans requests a Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, regarding the respective rights and obligations of the parties with respect to Challenger's Bylaws.

10. A real and justiciable controversy exists between the parties because Challenger has refused advancement Evans' request for advancement, and Evans is currently incurring legal fees in defense of Plaintiffs' lawsuit that Challenger has an obligation to pay as they are incurred.

WHEREFORE, Defendant/Counterclaim Plaintiff Evans requests that this honorable Court enter an order pursuant to 28 U.S.C. § 2201(a) declaring that:

    a. Pursuant to Challenger's Bylaws, Challenger must pay Evans' legal expenses, including attorneys' fees, in advance of the final disposition of Plaintiffs' cause of action, as they are incurred.

    b. Evans is entitled to his attorneys' fees incurred in enforcing this right to advancement (i.e. his right to "fees on fees");

    c.    And granting such other and further relief as the Court deems just and appropriate.

        Respectfully submitted,

        ARMSTRONG TEASDALE LLP

By: */s/ Daniel C. Nelson*
    Frank N. Gundlach #3291
    Daniel C. Nelson #27643
    Brent M. Covington #517863
    One Metropolitan Square, Suite 2600
    St. Louis, Missouri 63102-2740
    (314) 621-5070
    (314) 621-5065 (facsimile)
    fgundlach@armstrongteasdale.com
    dnelson@ armstrongteasdale.com
    bcovington@armstrongteasdale.com

    LOEB & LOEB LLP

    Anthony Murray (Cal. SBN 36084)
    Patrick N. Downes  (Cal. SBN #186461)
    10100 Santa Monica Blvd., Suite 2200
    Los Angeles, California 90067-4120
    (310) 282-2000
    (310) 282-2200 (facsimile)
    amurray@loeb.com
    pdownes@loeb.com

    **ATTORNEYS FOR DEFENDANT BARRETT EVANS**

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 11th day of October, 2007 upon the following:

Gerard T. Carmody
Kelley F. Farrell
Kameron W. Murphy
120 South Central Ave., Suite 1800
St. Louis, MO 63105
*Attorneys for Plaintiffs*

                /s/   Daniel C. Nelson