UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CHALLENGER POWERBOATS INC.,** et al., | ) ) |
| Plaintiffs, | ) ) ) Case No. 4:07-CV-00085-TIA |
| vs. | ) ) |
| **BARRETT EVANS,** | ) ) |
| Defendant. | ) |

## CHALLENGER POWERBOATS, INC.'S ANSWER TO COUNTERCLAIM FOR ADVANCEMENT OF LEGAL FEES OF BARRETT EVANS

COMES NOW Challenger Powerboats, Inc. ("Challenger") and states as follows for its Answer to the Counterclaim for Advancement of Legal Fees of Barrett Evans ("Evans"):

1. Admits the allegations contained in paragraph 1 of the Counterclaim.

2. Admits the allegations contained in paragraph 2 of the Counterclaim.

3. Admits the allegations contained in paragraph 3 of the Counterclaim.

4. The allegations in paragraph 4 are mere legal conclusions to which no response is required. To the extent that a response is deemed required, Challenger denies the allegations.

5. Admits the allegations contained in paragraph 5 of the Counterclaim.

6. Admits only that Challenger refused Evans' demand for advancement of legal fees. The remaining allegations in paragraph 6 are mere legal conclusions to which no response is required. To the extent that a response is deemed required, Challenger denies the allegations.

7. With respect to the allegations in paragraph 7 of the Counterclaim, Challenger states that Evans provided counsel for Challenger with an undertaking for the first time less than two hours before the filing of this Counterclaim and after the Challenger board of directors

considered Evans' demand and rejected it.  Except as expressly stated herein, Challenger denies the remaining allegations in paragraph 7.

8. Denies the allegations contained in paragraph 8 of the Counterclaim.

9. The allegations in paragraph 9 are mere legal conclusions to which no response is required.  To the extent that a response is deemed required, Challenger denies the allegations.

10. The allegations in paragraph 10 are mere legal conclusions to which no response is required.  To the extent that a response is deemed required, Challenger denies the allegations.

### FURTHER ANSWER AND AFFIRMATIVE DEFENSES

For further answer and/or by way of affirmative defense, Challenger states as follows:

A. Evans' claim fails to state a claim upon which relief can be granted.

B. Evans claim is barred by his failure to timely provide an undertaking before the filing of the Counterclaim.

C. Evans' claim is barred, in whole or in part, by the doctrine of laches due to the prejudice to Challenger caused by Evans' unreasonable delay in bringing such claim.

D. Evans' claim is barred, in whole or in part, by the doctrines of waiver and/or estoppel due to the prejudice to Challenger caused by Evans' unreasonable delay in bringing such claim.

E. Evans' claim is barred, in whole or in part, by the doctrine of unclean hands due to Evans' prior breach of the agreement among Challenger's directors regarding the sale of company stock, as alleged in Challenger's Complaint against Evans.

F. Evans has failed to mitigate his damages, if any.

G. The fees requested by Evans are not reasonable and therefore not recoverable.

H. Evans has failed to provide billing records or detailed documents in support of his demand for fees.

I.      Evans' undertaking is insufficient and Evans has provided no proof of his ability to repay Challenger's advancement of fees.

J.      Evans is not a present director or officer, and therefore, not entitled to advancement of his fees from Challenger.

WHEREFORE, for the aforementioned reasons, Challenger respectfully requests the Court to dismiss Evans' Counterclaim and award Challenger its reasonable costs and attorneys' fees plus any such further relief the Court deems proper.

    Respectfully submitted,

    CARMODY MACDONALD P.C.

    By  /s/  Kelley F. Farrell
    Gerard T. Carmody, E.D. # 2786
    Kelley F. Farrell, E.D. # 46929
    Kameron W. Murphy, E.D. # 533459
    120 South Central Ave., Suite 1800
    St. Louis, Missouri   63105
    (314) 854-8600
    (314) 854-8660 (facsimile)
    gtc@carmodymacdonald.com
    kff@carmodymacdonald.com
    kwm@carmodymacdonald.com

    Attorneys for Plaintiffs Challenger Powerboats, Inc., f/k/a Xtreme Companies, Inc., and Marine Holdings, Inc., d/b/a Challenger Offshore

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following via the CM/ECF e-mail on October 31st, 2007:

Frank N. Gundlach
Daniel C. Nelson
Brent M. Covington
ARMSTRONG TEASDALE LLP
One Metropolitan Square, Ste. 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)
fgundlach@armstrongteasdale.com
dnelson@armstrongteasdale.com
bcovington@armstrongteasdale.com

Attorneys for Defendant Evans

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following via first-class mail, postage prepaid, on October 31st, 2007:

Anthony Murray
Patrick N. Downes
LOEB & LOEB
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA 90067-4120

Attorneys for Defendant Evans

By /s/ Kelley F. Farrell